UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Petitioner,                    Civil No. 04-CV-71761-DT
                                        HONORABLE GEORGE CARAM STEEH
v.                                  UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Petitioner Godfrey Cadogan, an inmate at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* application for a writ of habeas corpus, in which he challenges his state court convictions for third-degree criminal sexual conduct, and assault and battery. Respondent has filed a motion for summary judgment, claiming that the instant petition should be dismissed because petitioner has failed to exhaust his state court remedies. Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, the instant petition is dismissed without prejudice.

**I. Background**

Petitioner was convicted of the above offenses by a jury sitting in the Washtenaw County Circuit Court.

Petitioner's appellate attorney filed a brief on appeal with the Michigan Court of Appeals during petitioner's appeal of right. Petitioner attempted to file a *pro se*

supplemental brief which exceeded fifty pages, but the Michigan Court of Appeals rejected this filing in an order entered on February 7, 1997. The Michigan Court of Appeals allowed petitioner's appellate counsel to withdraw on July 8, 1997. On September 16, 1997, the Michigan Court of Appeals permitted petitioner to withdraw a previous appellate brief that he had filed with that court. The Michigan Court of Appeals further ordered that petitioner's appellate brief which was dated May 21, 1997 and which was filed on July 23, 1997, would be accepted as the appellate brief in this case. [1] Petitioner moved to amend his appellate brief on November 17, 1997, but that request was denied by the Michigan Court of Appeals on December 12, 1997.

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Cadogan,* 188716 (Mich.Ct.App. March 3, 1998). Petitioner filed several motions for rehearing, which were denied by the Michigan Court of Appeals. The Michigan Supreme Court denied petitioner leave to appeal. *People v. Cadogan,* 459 Mich. 991; 595 N.W. 2d 848 (1999); *reconsideration den.* 459 Mich. 991; 602 N.W. 2d 387 (1999).

On December 23, 1999, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan, in which he

---

[1] The Court notes that petitioner has filed a copy of this brief as his Appendix EE, in response to the motion for summary judgment. The copy of the brief is missing pages 1-14. However, the respondent has provided this Court with a complete copy of petitioner's appellate court brief as part of the Rule 5 materials.

raised four separate claims for relief, which in turn, were divided into a number of subclaims. Petitioner raised two of the claims that he is raising in his current application in this prior habeas petition. On October 18, 2000, petitioner's first habeas application was dismissed without prejudice on the ground that petitioner had failed to exhaust his claims in the state courts and that he still had an available post-conviction remedy through M.C.R. 6.500, *et. seq.,* with which to raise those claims *See Cadogan v. Libolt,* U.S.D.C. 99-76115-DT (E.D. Mich. October 18, 2000)(Friedman, J.). Petitioner's various attempts to appeal the dismisal of his habeas petition were unsuccessful. *See Cadogan v. Libolt,* U.S.C.A. 00-2427 (6th Cir. July 31, 2001); *reconsideration den.* December 5, 2001; *Cadogan v. Libolt*, U.S.C.A. 01-1162 (6th Cir. June 25, 2001); *Cadogan v. Libolt,* U.S.C.A. 01-1334 (6th Cir. August 22, 2001).

Petitioner then attempted to file a habeas petition in the Western District of Michigan pursuant to 28 U.S.C §. 2241, in which he again attempted to challenge his state court conviction. The petition was dismissed because of deficiencies in the pleadings. *Cadogan v. Sherman,* 01-00223 (W.D. Mich. May 20, 2002)(McKeague, J.). [2]

Petitioner has never returned to the state courts to initiate post-conviction review of his conviction. Instead, petitioner has filed the instant petition for habeas

---

[2] This Court obtained the information about petitioner's Western District habeas case from the PACER system, which this Court is entitled to take judicial notice of. *See Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

3

corpus, in which he seeks habeas relief on the following grounds:

> I. Prosecutorial jury tampering in perpetration of fraud on the court which invokes the contemporaneous objection exception rule and exception to exhaustion of state court remedies.
>
> II. Petitioner has a statutory and constitutional right to be personally present at individual *voir dire* of prospective jurors on issues pertaining to their ability to render fair and impartial judgment.
>
> III. Petitioner was not guilty beyond a reasonable doubt.
>
> IV. Petitioner's constitutional rights to equal protection, fair and impartial trial, and effective assistance of counsel were violated in the trial court when trial counsel failed to attempt to strike biased jurors or object to state actor's discriminatory exercise of peremptory challenges to jurors from cognizable groups.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001).

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal

court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990); *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001)(internal citations omitted).

With respect to petitioner's first and fourth claims, these two claims were raised in petitioner's first habeas petition and were determined by Judge Friedman to be unexhausted. The Sixth Circuit declined to upset that ruling. Petitioner's contention that he exhausted his first and fourth claims is barred by the law-of-the case doctrine. *See Diguglielmo v. Smith,* 366 F. 3d 130, 135 (2nd Cir. 2004). Although a court can revisit a prior ruling where there has been an intervening change of controlling law, where new evidence has become available, or where

5

there is a demonstrated need to correct a clear error or prevent manifest injustice, this Court sees no need to reconsider Judge Friedman's findings from the first petition, because such circumstances are not present in this case. *Id.*

This Court further notes that petitioner's second claim about his absence from the *voir dire* of individual jurors and his third claim that the state removed jurors who indicated that they would utilize a high standard as to the burden of proof were never raised as independent substantive claims on his appeal of right, but were raised only as part of his ineffective assistance of counsel claim. An ineffective assistance of counsel claim is considered separate and distinct from the substantive claim incorporated in that ineffective assistance claim, such that exhaustion of the ineffective assistance of counsel claim does not constitute exhaustion of the underlying substantive claim, for purposes of habeas review. *See Bond v. Walker,* 68 F. Supp. 2d 287, 296 (S.D.N.Y. 1999); *See also Johnston v. Bowersox,* 119 F. Supp. 2d 971, 994 (E.D. Mo. 2000)(petitioner's presentation of ineffective assistance of counsel claim to state courts did not constitute presentation of his underlying substantive claim to state courts).

Petitioner has raised a number of arguments in response to the motion for summary judgment. Petitioner first appears to argue that the exhaustion requirement does not apply, because he claims to have brought this action as an "ex relatione" action and not pursuant to 28 U.S.C. § 2254. However, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state

prisoners are governed by 28 U.S.C. § 2254. *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002). A state prisoner may not attempt to evade the procedural requirements for seeking federal habeas relief, such as exhaustion of state remedies, by characterizing his claims as seeking some other type of relief. *See Bogovich v. Sandoval,* 189 F. 3d 999, 1002 (9th Cir. 1999). A habeas petitioner who challenges his state court judgment is required to exhaust his state court remedies even if he is bringing his habeas petition under 28 U.S.C. § 2241, as is the case here. *See Hamm v. Saffle,* 300 F. 3d 1213, 1216 (10th Cir. 2002).

Petitioner next claims that he attempted to exhaust his prosecutorial jury tampering claim by attempting to file a motion to intervene in an unrelated appeal involving another criminal defendant, which raised a similar challenge to the jury selection procedure in Washtenaw County. Petitioner's attempt to intervene in an unrelated case would be insufficient to exhaust his claim. The issues raised by petitioner involve constitutional privileges which are personal to him, therefore, an appeal by another defendant in an unrelated case would be insufficient to exhaust his claim. *See Williams v. Nelson,* 431 F. 2d 932, 933 (9th Cir. 1970)(Where questions raised by state prisoner, petitioning for habeas corpus, involved constitutional privileges which were personal to him, appeal by his co-defendant could not exhaust his remedies in the state courts). Moreover, an unfavorable ruling in a state appellate court, in an unrelated case, on the same issue being raised by a habeas petitioner, does not make exhaustion futile, so as to excuse exhaustion,

7

as petitioner seems to imply. *See Doty v. Lund,* 78 F. Supp. 2d 898, 901-03 (N.D. Iowa 1999). At best, the ruling simply makes petitioner's required presentation to the state courts less likely to succeed. *Id.*

Petitioner also argues that his claims were exhausted because they were presented in one of his many motions for rehearing with the Michigan Court of Appeals. Presenting additional issues to an intermediate state appellate court for the first time in a motion for rehearing does not constitute a fair presentation of claims for purposes of exhaustion. *Gunter v. Maloney,* 291 F. 3d 74, 81-82 (1st Cir. 2002); *Cruz v. Warden of Dwight Correctional Center,* 907 F. 2d 665, 669 (7th Cir. 1990); *See also Paredes v. Johnson*, 230 F. 3d 1359, 2000 WL 1206544, * 1-2 (6th Cir. August 18, 2000)(issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals unexhausted for purposes of federal habeas review).

In addition, the fact that petitioner may have raised these claims in his application for leave to appeal with the Michigan Supreme Court would also be insufficient for exhaustion purposes. When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, fn. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, petitioner's failure to raise these claims in his appeals to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal. Moreover, raising a

claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these claims in his appeal of right with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, fn. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-289 (W.D. Mich. 1977); *See also Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, * 2 (6th Cir. February 14, 1994)(petitioner's later attempt to raise issues before the Michigan Supreme Court did not constitute exhaustion where he failed to raise the federal claims before the Michigan Court of Appeals)

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Washtenaw County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004). Moreover, the stay and abeyance of a federal habeas proceeding involving a mixed petition of exhausted and unexhausted claims is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *See Rhines,* 125 S. Ct. at 1535. Petitioner has failed to establish good cause for failing to exhaust these claims properly in the state courts. Therefore, a stay of the current petition is not appropriate.

### III. Conclusion

The Court will dismiss the instant petition for writ of habeas corpus without prejudice, because petitioner has failed to exhaust his claims in the state courts.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability

(COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

In the present case, this Court has determined that petitioner failed to exhaust his state court remedies.  Where reasonable jurists could differ as to whether a

11

habeas petitioner has exhausted his or her state court remedies, the grant of a certificate of appealability is appropriate. *See Henry v. Department of Corrections,* 197 F. 3d 1361, 1366 (11th Cir. 1999). In the present case, reasonable jurists would not find it debatable as to whether petitioner has exhausted his state court remedies. Because a plain procedural bar is present, no further appeal would be warranted. *Harris v. Stegall,* 157 F. Supp. 2d at 751. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                                 s/George Caram Steeh
                                                 GEORGE CARAM STEEH
                                                 UNITED STATES DISTRICT JUDGE

Dated: May 11, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 11, 2005, by electronic and/or ordinary mail.

                                                 s/Josephine Chaffee
                                                 Secretary/Deputy Clerk