UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Petitioner,                       Civil No. 04-CV-71761-DT
                                             HONORABLE GEORGE CARAM STEEH
v.                                         UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,
_____/

### OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND THE MOTION TO AMEND THE HABEAS PETITION

On May 11, 2005, this Court summarily dismissed without prejudice petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, on the ground that petitioner had failed to exhaust his claims with the Michigan courts. Petitioner has now filed a motion to vacate judgment, which is construed as a motion for reconsideration. For the reasons stated below, the motion for reconsideration is **DENIED.** In the alternative, petitioner has filed a motion to amend his habeas petition to delete the unexhausted claims and proceed only on his exhausted claims. For the reasons stated below, the Court will deny petitioner's motion to amend the habeas petition.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication,

1

will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

In the present case, petitioner has made a number of lengthy arguments in support of his motion to vacate the Court's opinion and order of summary dismissal. All of these arguments were considered by this Court, however, either expressly, or by reasonable implication, when the Court summarily dismissed his petition for writ of habeas corpus on the ground that petitioner failed to exhaust his claims in the state courts. Petitioner's motion for reconsideration will therefore be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed his petition for writ of habeas corpus. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

Petitioner has also filed a motion to amend his habeas petition to delete his unexhausted claims and to proceed only with the *Batson* and the ineffective assistance of counsel claims that he raised in his original habeas petition, along with a new claim alleging a violation of the Double Jeopardy Clause. A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being

dismissed. *James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000); *Jackson v. Dormire*, 180 F. 3d 919, 920 (8th Cir. 1999). However, as this Court indicated in its opinion and order of summary dismissal, neither petitioner's *Batson* or ineffective assistance of counsel claims have been exhausted in the state courts. Petitioner contends that this Court implicitly found these two claims to be exhausted. Petitioner is incorrect. This Court explicitly noted that these two claims were raised in a prior habeas petition and were determined by Judge Bernard A. Friedman of this district to be unexhausted. The Sixth Circuit declined to upset that ruling on several appeals filed by petitioner. Petitioner's contention that he exhausted his *Batson* and his ineffective assistance of counsel claims is barred by the law-of-the case doctrine. *See Diguglielmo v. Smith,* 366 F. 3d 130, 135 (2nd Cir. 2004). Accordingly, the motion to amend the habeas petition will also be denied.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration and the motion to amend the habeas petition is **DENIED.**

          s/George Caram Steeh

          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

Dated: June 14, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 14, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee

Secretary/Deputy Clerk