UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Petitioner,                 Civil No. 04-CV-71761-DT
                                      HONORABLE GEORGE CARAM STEEH
v.                                  UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO AMEND THE HABEAS PETITION

On May 11, 2005, this Court summarily dismissed without prejudice petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, on the ground that petitioner had failed to exhaust his claims with the Michigan courts. Petitioner subsequently filed a motion to vacate judgment, which was construed as a motion for reconsideration. In the alternative, petitioner filed a motion to amend his habeas petition to delete the unexhausted claims and proceed only on his exhausted claims. On June 14, 2005, this Court denied petitioner's motion for reconsideration and to amend his habeas petition. Petitioner has now filed a second motion to amend the habeas petition. For the reasons stated below, the Court will deny petitioner's second motion to amend the habeas petition.

Petitioner has filed a motion to amend his habeas petition to delete his unexhausted claims and to proceed only with his *Batson* claim that he raised in his

1

original habeas petition. A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being dismissed. *James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000); *Jackson v. Dormire*, 180 F. 3d 919, 920 (8th Cir. 1999). However, as this Court indicated in its opinion and order of summary dismissal, and again in its opinion and order denying petitioner's previous motion to amend the petition, petitioner's *Batson* claim has not been exhausted in the state courts. This Court has already indicated twice to petitioner that he attempted to raise his *Batson* claim in a prior habeas petition, which was determined by Judge Bernard A. Friedman of this district to be unexhausted. The Sixth Circuit declined to upset that ruling on several appeals filed by petitioner. Petitioner's contention that he exhausted his *Batson* claim is barred by the law-of-the case doctrine. *See Diguglielmo v. Smith,* 366 F. 3d 130, 135 (2nd Cir. 2004).

Petitioner now claims that he properly exhausted his *Batson* claim by attempting to raise it in a Rule 7.211 motion to set aside the verdict with the Michigan Court of Appeals. The Michigan Court of Appeals denied this motion to set aside the verdict. *People v. Cadogan,* 188716 (Mich.Ct.App. June 4, 1997). Petitioner, however, did not raise an independent *Batson* claim in his brief on appeal with the Michigan Court of Appeals. A claim is not exhausted for purposes of federal habeas review unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which requires the applicant to present his

or her claims before the state courts in a procedurally proper manner, according to the rules of the state courts. *Mercadel v. Cain*, 179 F. 3d 271, 275 (5th Cir. 1999). In Michigan, a party who seeks to raise an issue on appeal, but who fails to brief it, is considered to have abandoned the issue on appeal. *People v. Smith,* 439 Mich. 954, 954; 480 N. W. 2d 908 (1992); *Mitcham v. City of Detroit,* 355 Mich. 182, 203; 94 N.W. 2d 388 (1959).  To exhaust a claim in the state courts, a federal habeas petitioner is required to present a federal constitutional issue "within the four corners" of his appellate brief. *See Castillo v. McFadden,* 399 F. 3d 993, 1000 (9th Cir. 2005). The fact that petitioner challenged the racial composition of his jury as part of his ineffective assistance of trial counsel claim on his appeal of right is insufficient for exhaustion purposes.  An ineffective assistance of counsel claim is considered separate and distinct from the substantive claim incorporated in that ineffective assistance claim, such that exhaustion of the ineffective assistance of counsel claim does not constitute exhaustion of the underlying substantive claim, for purposes of habeas review. *See Bond v. Walker,* 68 F. Supp. 2d 287, 296 (S.D.N.Y. 1999); *See also Johnston v. Bowersox,* 119 F. Supp. 2d 971, 994 (E.D. Mo. 2000)(petitioner's presentation of ineffective assistance of counsel claim to state courts did not constitute presentation of his underlying substantive claim to state courts).

Petitioner also claims that he is excused from exhausting his *Batson* claim, in light of the U.S. Supreme Court's recent decisions in *Miller-El v. Dretke,* 125 S. Ct. 2317 (2005) and *Johnson v. California,* 125 S. Ct. 2410 (2005), which petitioner

claims establish a new rule of law concerning *Batson* claims.

A state prisoner like petitioner who believes that some decision of the United States Supreme Court which has been issued subsequent to the state court decision in his case requires that his conviction be set aside should first pursue any state remedy which may be available to present that claim before applying for a federal writ of habeas corpus. *Blair v. People of State of Cal.,* 340 F. 2d 741, 745 (9th Cir. 1965). Thus, where an intervening change in federal law casts a legal issue that was previously presented by a habeas petitioner to the state courts in a fundamentally different light, the petitioner must pursue any available state post-conviction remedies before federal court will consider his claims. *See Cloud v. Scully,* 568 F. Supp. 1101, 1105 (S.D.N.Y. 1983); *See also Picard v. Connor,* 404 U.S. 270, 276 (1971). Petitioner is therefore required to fully exhaust his *Batson* claim before the Michigan courts before he can seek federal habeas relief.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion to amend the habeas petition is **DENIED.**

                                                       s/George Caram Steeh

                                                       GEORGE CARAM STEEH
                                                       UNITED STATES DISTRICT JUDGE

Dated: July 25, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 25, 2005, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>

Secretary/Deputy Clerk