**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GODFREY CADOGAN,

    Petitioner,                      Civil No. 04-CV-71761-DT
                                            HONORABLE GEORGE CARAM STEEH
v.                                  UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,
_____/

**OPINION AND ORDER DENYING MOTIONS TO ALTER OR AMEND ORDER,
TO COMPEL PRODUCTION OF DOCUMENTS, OR IN THE ALTERNATIVE,
FOR THE APPOINTMENT OF COUNSEL**

On October 13, 2005, this Court denied petitioner a certificate of appealability and leave to appeal *in forma pauperis.* This Court denied petitioner a certificate of appealability in part, because petitioner's notice of appeal was untimely, and in part, because jurists of reason would not find this Court's decision that petitioner's claims were unexhausted to be debatable. The Court also denied petitioner's application for leave to appeal *in forma pauperis,* because any appeal would be frivolous.

On October 19, 2005, petitioner filed a motion to alter or amend this Court's order from October 13, 2005. On February 27, 2006, petitioner filed a motion for production of documents or in the alternative, for the appointment of counsel. For the reasons stated below, the motions are denied.

1

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration brought pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

In his motion to amend or alter judgment, petitioner contends that this Court erred in finding his notice of appeal and his request for a certificate of appealability to have been untimely filed when it denied him a certificate of appealability and leave to appeal *in forma pauperis.*  Petitioner alleges that he sent a motion for a certificate of appealability to this Court on August 7, 2005, which he contends should be construed as a timely notice of appeal.

Petitioner has attached a number of exhibits to this motion, including a memorandum of law in support of his § 2253 motion for certificate of appealability

that was dated July 20, 2005.  There is no indication from this memorandum as to whether it was previously mailed to this Court.  Attached to this memorandum of law is a copy of this Court's Opinion and Order Denying the Motion to Amend the Habeas Petition dated July 25, 2005, which would have been issued five days after petitioner purportedly signed and dated this memorandum of law, which sought a certificate of appealability from the denial of an order that was issued by this Court subsequent to the date that petitioner purportedly signed and dated the memorandum in support of a certificate of appealability.

In light of the fact that petitioner's memorandum of law for his request for a certificate of appealability pre-dates the date of the decision that he seeks to appeal, this Court finds petitioner's allegation that he signed and dated this memorandum in support of his certificate of appealability on July 20, 2005 to be unconvincing.  Moreover, the July 20, 2005 date conflicts with petitioner's assertion in his motion to alter or amend that he sent a request for a certificate of appealability to this Court on August 7, 2005.

Moreover, this Court has searched the court docket entries and has been unable to find any documents which could properly be construed as timely notices to appeal by petitioner.  A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000); *See also Irving v. Bouchard,* 2005 WL 1802122, * 1 (E.D. Mich. July 25, 2005).  In the absence of

3

reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries. *Arnold v. Wood,* 238 F. 3d 992, 995 (8th Cir. 2001). Petitioner has presented no reliable evidence to the contrary to establish that he filed a timely notice to appeal this Court's opinion and order of summary dismissal dated May 11, 2005 and the Court's order denying reconsideration on June 16, 2005.

Finally, the Sixth Circuit dismissed petitioner's appeal from this Court's various orders as being untimely filed. *Cadogan v. Renico,* U.S.C.A. No. 05-2355 (6th Cir. December 5, 2005). The Sixth Circuit directed this Court to attempt to find an application for a certificate of appealability which petitioner claims to have filed with this Court on August 7, 2005, or an application for leave to appeal *in forma pauperis* which petitioner claims to have filed with the Court on August 31, 2005, or any other documents which petitioner may have filed to evince an intent to appeal on his part. *Id.* This Court has complied with that order.

After remand, the Sixth Circuit again dismissed petitioner's appeal as being untimely, ruling that even if petitioner did file his request for a certificate of appealability on August 5, 2005, it would have been untimely with respect to the Court's opinion and order of summary dismissal dated May 11, 2005 and the Court's order denying reconsideration on June 16, 2005. *Cadogan v. Renico,* U.S.C.A. No. 06-1591 (6th Cir. June 13, 2006). The Sixth Circuit subsequently dismissed the petition for writ of mandamus filed by petitioner, but ordered that

4

two new appeals be docketed, upon which that Court will determine if several documents forwarded by this Court to the Sixth Circuit, including petitioner's motion for a certificate of appealability purportedly dated July 20, 2005, evinced petitioner's intent to appeal this Court's orders. *In Re Cadogan,* U.S.C.A. 06-1675 (6th Cir. August 1, 2006).

It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). To the extent that petitioner wishes to correct this Court's docket sheet entries, the Sixth Circuit's docketing of a new appeal has divested this Court over any motion to correct any of this Court's docket entries. *See Harper v. Ashcroft,* 113 Fed. Appx. 324, 325 (10th Cir. 2004). Petitioner's motion to alter or amend this Court's opinion and order of October 13, 2005 is denied.

In light of the fact that this Court has already provided the Sixth Circuit with copies of the documents that petitioner claims evinces his intent to file a notice of appeal, this Court denies petitioner's motion for production of documents as moot.

Finally, petitioner's notice of appeal divests this Court of jurisdiction to consider his motion for the appointment of appellate counsel. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was

transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion for the appointment of appellate counsel would be more appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984).

### ORDER

Based upon the foregoing, IT IS ORDERED that the motion to alter or amend judgment [Dkt Entry # 77] is **DENIED.**

IT IS FURTHER ORDERED that the motion for production of documents or in the alternative, for the appointment of counsel [Dkt Entry # 79] is **DENIED.**

Dated:  August 24, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 24, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk