UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GODFREY CADOGAN,

    Petitioner,                      Civil No. 04-CV-71761-DT
                                         HONORABLE GEORGE CARAM STEEH
v.                                     UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION
FOR A CERTIFICATE OF APPEALABILITY**

On May 11, 2005, this Court summarily dismissed without prejudice petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, on the ground that petitioner had failed to exhaust his claims with the Michigan courts. This Court also denied petitioner a certificate of appealability.

Petitioner subsequently filed a motion to vacate judgment, which was construed as a motion for reconsideration. In the alternative, petitioner filed a motion to amend his habeas petition to delete the unexhausted claims and proceed only on his exhausted claims. On June 14, 2005, this Court denied petitioner's motion for reconsideration and to amend his habeas petition.

On July 25, 2005, the Court denied petitioner's second motion to amend his habeas petition.

On October 13, 2005, this Court denied petitioner a certificate of

1

appealability and leave to appeal *in forma pauperis.*

On December 5, 2005, the Sixth Circuit dismissed petitioner's appeal from this Court's various orders as being untimely filed. *Cadogan v. Renico,* U.S.C.A. No. 05-2355 (6th Cir. December 5, 2005). The Sixth Circuit directed this Court to attempt to find an application for a certificate of appealability which petitioner claims to have filed with this Court on August 7, 2005, or an application for leave to appeal *in forma pauperis* which petitioner claims to have filed with the Court on August 31, 2005, or any other documents which petitioner may have filed to evince an intent to appeal on his part. *Id.*

The Sixth Circuit subsequently dismissed petitioner's second notice of appeal, on the ground that petitioner could not appeal any prospective orders that would be entered by this Court on any of his pending post-conviction motions. The Sixth Circuit further found that the notice of appeal was untimely, since it was not filed within thirty days of any orders entered by this Court. *Cadogan v. Renico,* U.S.C.A. No. 06-1591 (6th Cir. June 13, 2006).

On August 24, 2006, this Court denied petitioner's motion to alter or to amend judgment, his motion for the appointment of counsel, and his motion to compel.

The Sixth Circuit subsequently dismissed petitioner's appeal from this Court's denial of the motion to alter or amend judgment as being untimely filed. *Cadogan v. Renico,* U.S.C.A. No. 2356 (6th Cir. December 4, 2006).

The Sixth Circuit subsequently dismissed as untimely an appeal from petitioner's motion for leave to proceed *in forma pauperis*. *Cadogan v. Renico,* U.S.C.A. No. 2030 (6th Cir. December 13, 2006).

The Sixth Circuit partially dismissed petitioner's appeal in Case No. 06-2032, finding that it was untimely with respect to several of this Courts orders, but ruled that the notice of appeal was timely with respect to this Court's order from July 27, 2005, which denied petitioner's second motion to amend the petition. *Cadogan v. Renico,* U.S.C.A. No. 2032 (6th Cir. December 13, 2006).

The Sixth Circuit subsequently denied petitioner a certificate of appealability and *in forma pauperis* status with respect to this Court's denial of his postjudgment motion. *Cadogan v. Renico,* U.S.C.A. No. 2032 (6th Cir. February 19, 2008); *reh. den.* June 19, 2008.

Petitioner has now once again filed another motion for a certificate of appealability, in which he again seeks to appeal this Court's opinion and order of summary dismissal. For the reasons that follow, the motion is DENIED.

Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996). The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984).

In the present case, the Sixth Circuit has dismissed all of petitioner's prior

appeals from this Court's original opinion and order of summary dismissal and its subsequent post-judgment orders or has declined to issue a certificate of appealability with respect to any of this Court's decisions. Given that the Sixth Circuit has already dismissed petitioner's prior appeals or has declined to issue a certificate of appealability from this Court's prior decisions, the law of the case doctrine prevents this Court from issuing a certificate of appealability in this case. *See Rowe v. Director, Dept. of Corrections,* 111 Fed. Appx. 150, 151-52 (4th Cir. 2004); *See also Wyman v. United States,* 62 Fed. Appx. 364, 366 (1st Cir. 2003)(defendant not entitled to certificate of appealability on ineffective assistance of counsel claim where district court and court of appeals had already denied a certificate of appealability with respect to that claim from defendant's first § 2255 motion to vacate sentence).

IT IS HEREBY ORDERED That the motion for a certificate of appealability [Dkt. # 100] is **DENIED.**

Dated: August 25, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 25, 2008, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk

---